IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| The Satanic Temple, Inc. | Case No. 21-CV-00336 (WMW/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF'S COUNSEL** |
| City of Belle Plaine, MN, | |
| Defendant. | |

## INTRODUCTION

It is well-settled Eighth Circuit law that denial of a plaintiff's request for leave to amend a complaint is, for purposes of res judicata, a final decision on the merits of the claims in the proposed amended complaint. The plaintiff is thereafter barred from bringing against the same defendant any claims that arise out of the same nucleus of operative facts as the claims in the proposed amended complaint. The law is so clear on this point that the Eighth Circuit has held—several times— that Rule 11 sanctions are appropriate against an attorney who, after leave to amend is denied in one action, files a separate action based on the same nucleus of operative facts as the proposed amended complaint in the earlier action. That is precisely what Plaintiff Satanic Temple's counsel has done here. Accordingly, the Court should issue sanctions against Plaintiff's counsel for violating Rule 11(b)(2) by bringing claims that are not warranted by existing law.

# BACKGROUND

This is the second lawsuit the Satanic Temple has filed against the City of Belle Plaine regarding two resolutions that the City Council adopted in 2017. The first, Resolution 17-020 ("the Enacting Resolution"), created a limited public forum policy. The second, Resolution 17-090 ("the Rescinding Resolution"), eliminated the limited public forum policy. To summarize, the Rescinding Resolution rescinded the Enacting Resolution on July 17, 2017. *See Satanic Temple v. City of Belle Plaine* (*Satanic Temple I*), 475 F. Supp. 3d 950, 956–57 (D. Minn. 2020).

## A. The City created a limited public forum in Veterans Memorial Park ("the Park") and closed that forum several months later.

The Belle Plaine City Council adopted the Enacting Resolution on February 21, 2017. *Id.* at 956. The Enacting Resolution stated that the City "designates a limited public forum in Veterans Memorial Park for the express purpose of allowing individuals or organizations to erect and maintain privately owned displays that honor and memorialize living or deceased veterans[.]"[1] The Enacting Resolution also stated that no display may be installed without first obtaining a permit from the City, that the party requesting a permit is responsible for erecting the display upon approval of a permit from the City, and that the requesting party and not the City shall own any display erected in the limited

---

[1] *Satanic Temple I*, No. 19-cv-01122, ECF 1-1 (Ex. 1 ¶ 1).

public forum. The Enacting Resolution required that displays must be removed within one year from the date of approval of a permit. The Enacting Resolution stated that, "[i]n the event the City desires to close the limited public forum or rescind this policy, the City . . . may terminate all permits by giving ten (10) days' written notice . . . ."[2]

The Belle Plaine Veterans Club received a permit to place a display in the limited public forum in the Park consistent with the Enacting Resolution.[3] The Belle Plaine Veterans Club placed its display in the limited public forum in the Park in April 2017.[4] The Belle Plaine Veterans Club voluntarily removed its display in July 2017.[5]

Reason Alliance Ltd., with an address as "c/o The Satanic Temple, 64 Bridge Street, Salem, MA," received a permit to place a display in the limited public forum in the Park consistent with the Enacting Resolution.[6] The Belle Plaine City Administrator's letter specifically stated that the "permit is good for one year from

---

[2] *Satanic Temple I*, No. 19-cv-01122, ECF 1-1 (Ex. 1 ¶ 13).

[3] *Satanic Temple I*, No. 19-cv-01122, ECF 1 ¶¶ 28, 32.

[4] *Satanic Temple I*, No. 19-cv-01122, ECF 1 ¶ 28.

[5] *Satanic Temple I*, No. 19-cv-01122, ECF 1 ¶ 32.

[6] *Satanic Temple I*, No. 19-cv-01122, ECF 1-1 (Ex. 2).

the date of this letter."[7] Neither Reason Alliance nor the Satanic Temple ever placed a display in the Park.

The Belle Plaine City Council unanimously enacted the Rescinding Resolution on July 17, 2017. The Rescinding Resolution stated that "the City Council has determined that allowing privately-owned memorials or displays in its Park no longer meets the intent or purpose of the Park."[8] It further stated that "the City Council has also determined that the continuation of the limited public forum may encourage vandalism in the Park, reduce the safety, serenity, and decorum of the Park, unnecessarily burden City staff and law enforcement, and negatively impact the public's health, safety, and welfare." The Rescinding Resolution declared that "[t]he policy established in Resolution 17-020 is rescinded," and that "the limited public forum established in the Park is hereby eliminated."[9]

On July 18, 2017, the City Administrator sent a letter to Reason Alliance Ltd., with an address as "c/o The Satanic Temple, 64 Bridge Street, Salem, MA," providing notice that Belle Plaine had adopted the Rescinding Resolution and

---

[7] *Satanic Temple I*, No. 19-cv-01122, ECF 1-1 (Ex. 2).

[8] *Satanic Temple I*, No. 19-cv-01122, ECF 1-1 (Ex. 5).

[9] *Satanic Temple I*, No. 19-cv-01122, ECF 1-1 (Ex. 5).

enclosing a check in the amount of $100 to fully reimburse the permit application fee.[10] The City's letter also enclosed a copy of the Rescinding Resolution.

**B.    The original complaint alleged, among other things, that the City violated the Satanic Temple's constitutional rights based on the Enacting Resolution and the Rescinding Resolution.**

On April 25, 2019, the Satanic Temple filed its first complaint ("the original complaint") regarding the Enacting Resolution and the Rescinding Resolution.[11]

Four of the claims that the Satanic Temple asserted against the City in the original complaint, all accusing the City of violating various constitutional provisions, are relevant here: (1) violation of the Free Exercise Clause of the U.S. Constitution; (2) violation of the Minnesota Constitution's provision regarding the free exercise of religion (Minn. Const. art. I, § 16); (3) violation of the guarantees of free speech and association in the First Amendment to the U.S. Constitution; and (4) violation of the Equal Protection Clause of the U.S. Constitution. Each of these claims arose out of the City's adoption of the Enacting Resolution in February 2017, the City's issuing two permits under that resolution, and the City's adoption in July 2017 of the Rescinding Resolution, which closed the limited public forum in the Park.

---

[10] *Satanic Temple I*, No. 19-cv-01122, ECF 1-1 (Ex. 5).

[11] *Satanic Temple I*, No. 19-cv-01122, ECF 1.

### C.   The Court dismissed the Satanic Temple's constitutional claims in the original complaint.

The City and the Satanic Temple both moved for judgment on the pleadings. In February 2020, two weeks before the hearing, the Satanic Temple replaced its counsel with Matthew Kezhaya of Kezhaya Law PLC and Jason S. Juran of Robert R. Hopper and Associates, LLC.[12] Mr. Kezhaya and Mr. Juran signed the Satanic Temple's reply brief in support of its motion for judgment on the pleadings.[13] They are the current counsel for the Satanic Temple in *Satanic Temple I* and are counsel of record for the Satanic Temple in the instant case.

On July 31, 2020, the Court denied the Satanic Temple's motion and granted the City's motion in part, dismissing the four constitutional claims mentioned earlier without prejudice. *Satanic Temple I*, 475 F. Supp. 3d at 960 (dismissing free-exercise claims under the federal and state constitutions), 961–62 (dismissing

---

[12] *Satanic Temple I*, No. 19-cv-01122, ECF 36–38, 41. Before the original complaint was filed in *Satanic Temple I* on April 25, 2019, Mr. Kezhaya was counsel of record for the Satanic Temple in other cases. *See Satanic Temple v. City of Scottsdale, Ariz.*, No. 2:18-cv-00621 (D. Ariz.), ECF 33 (Satanic Temple's March 29, 2019 response and cross-motion for summary judgment, signed by Mr. Kezhaya); *Cave v. Martin*, No. 4:18-cv-00342 (W.D. Ark.), ECF 40 (Satanic Temple's December 24, 2018 proposed amended complaint in intervention, signed by Mr. Kezhaya).

[13] *Satanic Temple I*, No. 19-cv-01122, ECF 42.

free-speech claim under the federal constitution), 963 (dismissing equal-protection claim under the federal constitution).[14]

> **D. Like the original complaint, the proposed amended complaint alleged that the City violated the Satanic Temple's constitutional rights based on the Enacting Resolution and the Rescinding Resolution.**

In the first action, the Satanic Temple moved, among other things, for leave to amend its complaint.[15] The proposed amended complaint, signed by Mr. Kezhaya and Mr. Juran, contained an "Explanatory Note" section indicating that it was based on the same factual allegations as the original complaint:

> This amended complaint is intended to correct the pleading deficiencies identified in the Court's order of dismissal (without prejudice) of the constitutional issues. Doc. 46. ***The core factual allegations are still the same***: essentially taking issue with the fact that the City opened a limited public forum to allow a Christian monument but closed it to exclude a Satanic one.[16]

The proposed amended complaint reasserted three federal constitutional claims (free exercise, free speech, and equal protection[17]) and added two more: violation of the Establishment Clause and violation of the Due Process Clause. The

---

[14] All in all, the Court dismissed nine of the ten claims in the original complaint. The surviving claim (promissory estoppel) is the subject of the City's pending summary-judgment motion in *Satanic Temple I*.

[15] *Satanic Temple I*, No. 19-cv-01122, ECF 64.

[16] *Satanic Temple I*, No. 19-cv-01122, ECF 64-1 ¶ 1 (emphasis added).

[17] The proposed amended complaint did not include free-exercise or free-speech claims under the Minnesota Constitution.

establishment claim was based on "the City's decision to create a limited public forum"—that is, the adoption of the Enacting Resolution.[18] The due-process claim was based on the City's issuing a display permit to the Satanic Temple and the City's adoption of the Rescinding Resolution, which the Satanic Temple alleges took away a protectible property right (the permit) without due process.[19]

### E. The magistrate judge denied the Satanic Temple's motion for leave to amend.

On January 26, 2021, the magistrate judge denied the Satanic Temple's motion for leave to amend the complaint.[20] Because the Satanic Temple sought to amend its complaint after the deadline in the scheduling order, it was required to show good cause. Fed. R. Civ. P. 16(b). The magistrate judge held that the Satanic Temple had not shown good cause to amend:

> Plaintiff's mere professed intention of clarifying its original Complaint is insufficient to establish good cause. . . .
>
> . . . .
>
> Where a party files a motion after the deadline for amending the pleadings has expired, the Court asks whether the moving party has demonstrated that the existing schedule could not reasonably be met despite the diligence of the party seeking the extension. A party does not meet the good cause standard under Rule 16(b) if the relevant information on which it based the amended claim was available to it earlier in the litigation.

---

[18] *Satanic Temple I*, No. 19-cv-01122, ECF 64-1 ¶¶ 2, 246.

[19] *Satanic Temple I*, No. 19-cv-01122, ECF 64-1 ¶¶ 270, 273–80.

[20] *Satanic Temple I*, No. 19-cv-01122, ECF 79 at 1, 27–28.

Here, Plaintiff does not argue that new facts have emerged in this case. . . . Upon review of Plaintiff's Proposed Amended Complaint, this Court finds that although Plaintiff seeks to add more detail to its original allegations, Plaintiff does not allege any "new" facts which could not have with due diligence been asserted in its original Complaint. Most, if not all, of the additional factual allegations that Plaintiff now seeks to allege in its Proposed Amended Complaint are matters of public record. ***Plaintiff is merely reasserting three of the same, but already dismissed, claims on the same, albeit more detailed factual allegations. Although Plaintiff now further seeks to add two new theories of liability, they too are based on the same basic set of facts.***

Nothing in the record presently before the Court indicates that these additional details and theories of liability could not have with due diligence been alleged in Plaintiff's original Complaint.[21]

The magistrate judge also concluded that the Satanic Temple's proposed "reasserted" constitutional claims (free exercise, free speech, and equal protection) would be futile because they "fail[ed] to correct the deficiencies observed in Judge Wright's July 31, 2020, Order."[22] As for the two new claims (establishment and due process), the magistrate concluded that allowing the Satanic Temple to assert those claims "at this late stage of the litigation process, after discovery has closed, and on the eve of trial would be inappropriate."[23]

---

[21] *Satanic Temple I*, No. 19-cv-01122, ECF 79 at 26–27 (emphasis added) (citations and quotations omitted).

[22] *Satanic Temple I*, No. 19-cv-01122, ECF 79 at 28 n.9.

[23] *Satanic Temple I*, No. 19-cv-01122, ECF 79 at 28 n.9.

**F.    Like the original complaint and the proposed amended complaint, the new complaint alleges that the City violated the Satanic Temple's constitutional rights based on the Enacting Resolution and the Rescinding Resolution.**

On February 4, 2021, the Satanic Temple filed this new action against the City, serving the City with the complaint ("the new complaint") on February 8.[24] Like the proposed amended complaint in *Satanic Temple I*, the new complaint contains an "Explanatory Note" section indicating that it is based on the same factual allegations as the original complaint:

> This complaint is intended to correct the pleading deficiencies identified in the Court's order of dismissal without prejudice of the constitutional issues in a sister case for lack of factual detail. *Satanic Temple v. City of Belle Plaine,* Minnesota, 475 F. Supp. 3d 950 (D. Minn. 2020). ***The core factual allegations are still the same***: essentially taking issue with the fact that the City opened a limited public forum to promote a Christian monument but closed it to exclude a Satanic one.[25]

The new complaint also acknowledges that "[a] version of this complaint was proposed as an amended complaint" in *Satanic Temple I*, and that the magistrate judge denied the Satanic Temple's motion for leave to amend.[26] The new complaint includes the five federal constitutional claims asserted in the proposed amended complaint: free exercise, free speech, equal protection, establishment, and due process (the first three of which were also asserted in the original

---

[24] ECF 1.

[25] ECF 1 ¶ 1 (emphasis added).

[26] ECF 1 ¶ 2.

complaint). The new complaint also asserts three claims under the analogous protections of the Minnesota constitution (free speech, equal protection, and establishment). The state-law free-exercise claim was previously included in the original complaint but not the proposed amended complaint. The state-law equal-protection and establishment claims, although newly asserted, are—like all of the claims in the new complaint—based on the City's adoption of the Enacting Resolution, issuance of permits under that resolution, and subsequent adoption of the Rescinding Resolution.

## ARGUMENT

Rule 11(b)(2) requires that a party's "claims, defenses, and other legal contentions [be] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Under Rule 11(c), the Court may impose an appropriate sanction on an attorney, law firm, or party who has violated Rule 11(b). Fed. R. Civ. P. 11(c)(1). Here, the Satanic Temple's claims are barred by the doctrine of res judicata, which the Eighth Circuit and the District of Minnesota have repeatedly applied to prevent a plaintiff from initiating a new lawsuit based on the same nucleus of operative facts as a failed proposed amended complaint in an earlier action. In fact, the Eighth Circuit has—on multiple occasions—held that sanctions were warranted against counsel who, after their motion for leave to amend was denied, sought another bite at the apple by filing the same or similar claims in a

new action. Accordingly, the City requests sanctions, including attorneys' fees for responding to the complaint in this new action and bringing this motion.

**I.    The Satanic Temple's claims are not warranted by existing law because they are barred by res judicata (claim preclusion).**

"Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979). Res judicata "precludes the relitigation of a claim on grounds that were raised or could have been raised in the prior action." *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990). Under federal law,[27] a claim is precluded "when '(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action.'" *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (*quoting Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998)). All four requirements are met here.

---

[27] Because *Satanic Temple I* was a federal-question case and a federal court denied the motion for leave to amend, federal law applies to the res judicata analysis here. *See, e.g., Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("For judgments in federal-question cases . . . federal courts participate in developing 'uniform federal rule[s]' of res judicata . . . ." (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)); *Schaefer v. Putnam*, 827 F.3d 766, 769 (8th Cir. 2016) ("The law of the forum that rendered the first judgment controls the res judicata analysis." (quotation omitted)).

## A. The denial of leave to amend was a final judgment on the merits.

The first requirement is satisfied because, for purposes of res judicata, denial of a motion for leave to amend a complaint constitutes a final judgment on the merits. This has been Eighth Circuit law for decades. *See Professional Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030, 1032–33 (8th Cir. 2003) (per curiam) (holding that denial of leave to amend, based on plaintiff's noncompliance with procedural rules, was a judgment on the merits of the claims in the proposed amended pleading for purposes of res judicata); *King v. Hoover Grp., Inc.*, 958 F.2d 219, 222–23 (8th Cir. 1992) ("It is well settled that denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading."); *Poe v. John Deere Co.*, 695 F.2d 1103, 1105–08 (8th Cir. 1982) (affirming summary judgment for the defendant on res judicata grounds in suit arising out of the same nucleus of operative fact as the proposed amended complaint rejected by the district court in an earlier suit); *see also Landscape Props., Inc. v. Whisenhunt*, 127 F.3d 678, 683 (8th Cir. 1997) (discussing *Poe* and *King* and concluding that those cases "are dispositive" as to whether denial of a motion to amend the complaint is a final judgment on the merits for purposes of res judicata).

The District of Minnesota has followed the *Professional Management* line of cases, routinely concluding that a denial of leave to amend constitutes a final

judgment for purposes of res judicata. *See, e.g.*, *Seenyur v. Van Coolidge*, No. 16-cv-3832, 2018 WL 400758, at *2–3 (D. Minn. Jan. 12, 2018) (Wright, J.) (dismissing inmate's second suit for violation of constitutional rights based on denial of motion for leave to amend in first suit); *Czech v. Unum Life Ins. Co.*, No. 09-1884, 2009 WL 5033961, at *2 (D. Minn. Dec. 15, 2009) (Montgomery, J.) (holding that denial of motion to amend constitutes a final judgment on the merits for federal law of res judicata); *Crystal Import Corp. v. Avid Identification Sys., Inc.*, 582 F. Supp. 2d 1166, 1170, 1172 (D. Minn. 2008) (Kyle, J.) (following *Professional Management* and dismissing second suit based on res judicata); *Rousseau v. Goodwill/Easter Seals*, No. 04-3949, 2005 WL 226167, at *2–3 (D. Minn. Jan. 26, 2005) (Kyle, J.) (same).

Denial of leave to amend is "final" for purposes of res judicata even if, as here, final judgment has not been rendered in the earlier case. *See Crystal Import Corp.*, 582 F. Supp. 2d at 1170 n.4. And denial of leave to amend is final "even when denial of leave to amend is based on reasons other than the merits, such as timeliness." *Professional Mgmt.*, 345 F.3d at 1032; *see also id.* ("[T]he fact that the district court denied leave to amend because of [plaintiff's] noncompliance with procedural rules is irrelevant. The denial is a judgment on the merits of the claims in the proposed amended pleading."); *Seenyur*, 2018 WL 400758, at *1–2 (applying

res judicata where denial of leave to amend was based on inmate's motion being filed one year after the deadline).

**B.** ***Satanic Temple I* was based on proper jurisdiction.**

In *Satanic Temple I,* Plaintiff alleged and the City admitted that the Court had subject-matter jurisdiction over the case.[28] The City also admitted the existence of personal jurisdiction.[29]

**C.** **Both suits involve the same parties.**

Both *Satanic Temple I* and this case involve the same parties: the Satanic Temple and the City. Although the plaintiff is "The Satanic Temple" in the original complaint and "The Satanic Temple, Inc." in the proposed amended complaint and the new complaint, the latter two documents explain that this is merely a clarification as to the name of the entity.[30]

**D.** **Both suits are based on the same claims or causes of action because they share a common nucleus of operative facts.**

The Eighth Circuit has interpreted the "same claims or causes of action" requirement to mean "claims that arise out of the same nucleus of operative facts." *Regions Bank v. J.R. Oil Co.*, 387 F.3d 721, 732 (8th Cir. 2004); *see also, e.g., Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers*, 390 F.3d 1049, 1052 (8th

---

[28] *Satanic Temple I*, No. 19-cv-01122, ECF 10 ¶ 1.

[29] *Satanic Temple I*, No. 19-cv-01122, ECF 10 ¶ 2.

[30] *Satanic Temple I*, No. 19-cv-01122, ECF 64-1 ¶ 8(7) (proposed amended complaint); ECF 1 ¶ 6(6) (new complaint).

Cir. 2004) ("[A] claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim." (quotation omitted)); *Ruple v. City of Vermillion, S.D.*, 714 F.2d 860, 861 (8th Cir. 1983) ("[T]he phrase 'cause of action' or 'claim,' the term now favored by most courts, has been given a more practical construction. . . . [I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata."), *cert denied*, 465 U.S. 1029 (1984); *Poe*, 695 F.2d at 1106 (adopting common-nucleus-of-operative-facts test to determine whether claims are the same).

As a result, a plaintiff cannot escape res judicata by fashioning a new theory of recovery or citing a new body of law that was arguably violated by a defendant's conduct; "res judicata will still bar the second claim if it is based on the same nucleus of operative facts as the prior claim." *Lane*, 899 F.2d at 744; *see also Rousseau*, 2005 WL 226167, at *3 (rejecting argument that merely adding a claim to a new complaint is sufficient to avoid res judicata and noting that under the "transactional approach" to res judicata, "there may be some variance in the proof required for claims that are nonetheless the same claim" (quotation omitted).

To determine whether the fourth requirement for res judicata is met, a court "examines whether the second lawsuit is part of the transaction, or series of connected transactions, out of which the first action arose." *First Nat'l Bank in*

*Sioux Falls v. First Nat'l Bank S.D.*, 679 F.3d 763, 767 (8th Cir. 2012) (quotation omitted); *see also Poe*, 695 F.2d at 1105–07. A court should make its determination "pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Banks*, 390 F.3d at 1052 (quotation omitted). Ultimately, the test is "whether the wrong for which redress is sought is the same in both actions." *Costner*, 153 F.3d at 674 (quotation and emphasis omitted).[31]

Here, the Satanic Temple asserts only claims that it could have asserted in the first lawsuit. Revealingly, the Satanic temple **did** assert most of its claims here in the first lawsuit.  Of the eight claims in the new complaint, six were asserted in the *Satanic Temple I* original complaint, proposed amended complaint, or both.[32] The two additional claims in the new complaint are that the City violated "Minnesota's Establishment Clause" and the equal-protection guarantees in the

---

[31] The Eighth Circuit has sometimes compared the new complaint to the proposed amended complaint in the earlier action—and has sometimes compared the new complaint to the original complaint in the earlier action. *Compare Landscape Props.*, 127 F.3d at 682–83, *with Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 896 (8th Cir. 2005). As a practical matter, it does not matter here whether the new complaint is compared to the original complaint in *Satanic Temple I* or to the proposed amended complaint in *Satanic Temple I*—all three complaints are based on the same nucleus of operative facts.

[32] *See* ECF 1 (new complaint); *Satanic Temple I*, No. 19-cv-01122, ECF 1 (original complaint), ECF 64-1 (proposed amended complaint).

Minnesota Constitution.[33] These claims under the state constitution are based on the same allegations as the claims under the analogous provisions of the federal constitution.[34]

The claims in the new complaint, in the original complaint in *Satanic Temple I*, and in the proposed amended complaint in *Satanic Temple* I all arise from a related set of facts and the same allegations—namely, the City's creation of a limited public forum through the Enacting Resolution, the City's issuance of permits, and the City's decision to close the forum by the Rescinding Resolution. These facts form a cohesive unit. Indeed, the Satanic Temple admits that "[t]he core factual allegations are still the same."[35] *Satanic Temple I* and this case are the same for purposes of res judicata.

\* \* \* \*

Because this new action arises out of the same nucleus of operative facts as the prior action, it is barred by res judicata.

---

[33] ECF 1 ¶¶ 264–68 (Count 5), 281–83 (Count 7).

[34] *Compare* ECF 1 ¶¶ 253–63 (Count 4), *with id.* ¶¶ 264–68 (Count 5), *and id.* ¶¶ 269–80 (Count 6), *with id.* ¶¶ 281–83 (Count 7).

[35] ECF 1 ¶ 1.

## II. The Court should award sanctions against the Satanic Temple's counsel for violating Rule 11(b)(2).

The Satanic Temple violated Rule 11(b)(2), which requires all claims to be warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. As discussed above, the Satanic Temple's claims in the new complaint are clearly barred by res judicata. Although the new complaint mentions the doctrine of res judicata,[36] the Satanic Temple fails to acknowledge the binding Eighth Circuit law regarding the effect of a denial of leave to amend, let alone argue that that authority should be modified or reversed.

To be clear, the Satanic Temple's counsel were familiar with the content of both the original and proposed amended complaints in *Satanic Temple I*,[37] as well as the fact that the magistrate judge had denied the Temple's motion for leave to

---

[36] ECF 1 ¶ 2. It is not clear why the new complaint cites the two cases that it does regarding res judicata. The first case—an Eighth Circuit decision from more than fifty years ago—did not involve denial of leave to amend. *See Clarke v. Redeker*, 406 F.2d 883 (8th Cir. 1969). Nor did the second case. *See Ward v. El Rancho Manana, Inc.*, 945 N.W.2d 439 (Minn. App. 2020), *review denied* (Minn. Oct. 1, 2020). In addition, the *Ward* case is of little to no value here because it applied Minnesota, not federal law. Also, in both *Clarke* and *Ward* the appellate court affirmed the application of res judicata.

[37] For example, they signed the proposed amended complaint in *Satanic Temple I*, which explicitly references the original complaint's content. ECF 64-1 ¶¶ 1 (stating that "core factual allegations are still the same"), 4 ("This amendment reasserts Free Exercise, Free Speech, and Equal Protection Clause violations.").

amend. Based on the face of the new complaint, counsel are familiar with the concept of res judicata. A reasonable investigation would have revealed that in the Eighth Circuit, the denial of leave to amend constitutes a "final judgment on the merits" for purposes of res judicata. *See* Fed. R. Civ. P. 11 1983 advisory committee note (discussing the need for reasonable prefiling inquiry); *see also, e.g., Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003) ("To constitute a reasonable inquiry, the prefiling investigation must uncover a factual basis for the plaintiff's allegations, ***as well as a legal basis***.") (emphasis added). Either the Satanic Temple's counsel failed to conduct a reasonable investigation into the legal basis for the new complaint, or they simply ignored what they found. Either way, it amounts to a Rule 11 violation.

Under Rule 11(c), the Court may impose an appropriate sanction on an attorney, law firm, or party who has violated Rule 11(b). Fed. R. Civ. P. 11(c)(1). Such sanction "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).[38] In

---

[38] *See* Fed. R. Civ. P. 11(c)(1) ("[T]he court may impose an appropriate sanction on any on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.").

these circumstances, the City respectfully moves the Court to direct Mr. Kezhaya and Mr. Juran and their respective law firms, jointly and severally, to pay the reasonable attorneys' fees and other expenses that the City incurred in connection with this motion and in connection with the response to the complaint, a motion to dismiss.[39] If the Court so orders, then the City will—through its counsel—submit declarations detailing those fees. This Court also should impose an additional sanction to deter future misconduct.

An award of sanctions here is consistent with the prior rulings of the Eighth Circuit, which has "repeatedly approved sanctions in cases where plaintiffs attempted to evade the clear preclusive effect of earlier judgments." *Meyer v. U.S. Bank Nat'l Ass'n*, 792 F.3d 923, 927 (8th Cir. 2015) (citing *Willhite v. Collins*, 459 F.3d 866, 869 (8th Cir. 2006); *Professional Mgmt.*, 345 F.3d at 1032–33; *Landscape Props.*, 127 F.3d at 682–84; and *King*, 958 F.2d at 223). Indeed, in *Professional Management*, the Eighth Circuit made it clear that it is an abuse of discretion for the district court to refuse to award sanctions where counsel ignores the res judicata implications of a denial of leave to amend:

> As for the Rule 11 issue, we have held a district court abuses its discretion by refusing to sanction a plaintiff and his counsel under Rule 11 for filing and maintaining a frivolous lawsuit when the plaintiff seeks to relitigate claims he had been denied leave to serve against the

---

[39] The motion to dismiss will be filed on or before March 1, 2021, which is the deadline to answer or otherwise respond to the new complaint.

> same defendant in an earlier lawsuit. *King*, 958 F.2d at 223; *see also*
> *Landscape Props.*, 127 F.3d at 683 (affirming award of Rule 11 sanctions
> in same circumstances). Given the well-settled law of res judicata
> under the circumstances in this case, PMA's counsel should have
> known [the new suit] was barred by [the earlier suit]. *King*, 958 F.2d
> at 223. The district court thus abused its discretion in declining to
> sanction PMA. *Id.*

345 F.3d at 1033. Similarly, in *Landscape Properties*, the Eighth Circuit affirmed an award of Rule 11 sanctions—specifically, attorneys' fees of more than $36,000 and a $5,000 fine—against an attorney who filed an action that was barred by res judicata:

> In case *Poe* left any doubt, in *King v. Hoover Group, Inc.* this court
> stated in clear, unequivocal language: "It is well settled that denial of
> leave to amend constitutes res judicata on the merits of the claims
> which were the subject of the proposed amended pleading." *King*, 958
> F.2d at 222–23. In view of the settled law of res judicata in this circuit,
> the district court did not abuse its discretion in determining that
> Crockett's complaint was not "warranted by existing law or by a
> nonfrivolous argument for the extension, modification or reversal
> [thereof]."

127 F.3d at 683. And in *King*, the Eighth Circuit reversed the district court's denial of Rule 11 sanctions, holding that sanctions were appropriate where the plaintiff "attempted to circumvent the principles of res judicata by bringing the same claims he had been denied leave to amend his original complaint to include." 958 F.2d at 223.

Finally, the federal rules allow the Satanic Temple to challenge the magistrate judge's ruling on the motion for leave to amend. *See* Fed. R. Civ. P. 72; *see, e.g., Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 16 (1st Cir. 2020) (holding

that plaintiff's recourse, after court decided not to let it amend its complaint, "was to appeal, not to start a new action"). The Satanic Temple's argument in its objections to the magistrate judge's ruling in *Satanic Temple I* that the new complaint moots the leave-to-amend issue has it completely backward.[40] Indeed, the Temple's argument is contrary to the established law discussed above. The Temple has failed to show why the magistrate judge's ruling was clearly erroneous or contrary to law.[41]

The Court should not countenance the Satanic Temple's frivolous attempt to circumvent the procedural rules and waste the resources of the Court and the City by bringing a second lawsuit over the same nucleus of facts as *Satanic Temple I*.

## CONCLUSION

Rule 11(b)(2) requires that claims be warranted by existing law, or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Under longstanding Eighth Circuit law, Plaintiff's claims are barred by res judicata. Plaintiff offers nothing to explain how this new action is not frivolous. Sanctions are appropriate. The City therefore respectfully requests that this Court grant an award of sanctions against Plaintiff's attorneys under Rule 11.

---

[40] *Satanic Temple I*, No. 19-cv-01122, ECF 91 at 11.

[41] *Satanic Temple I*, No. 19-cv-01122, ECF 92.

Dated: February 19, 2021            **GREENE ESPEL PLLP**

_/s/ Monte A. Mills_
Monte A. Mills, Reg. No. 030458X
Katherine M. Swenson, Reg. No. 0389280
222 S. Ninth Street, Suite 220
Minneapolis MN 55402
mmills@greeneespel.com
kswenson@greeneespel.com
(612) 373-0830

Attorneys for Defendant