IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| THE SATANIC TEMPLE, INC. | CASE NO. 21-CV-00336 (WMW/LIB) |
|---|---|
| PLAINTIFF, | |
| V. | RESPONSE IN OBJECTION TO MOTION FOR SANCTIONS |
| CITY OF BELLE PLAINE, MN | |
| DEFENDANT. | |

## INTRODUCTION AND SUMMARY

The City has moved for sanctions (doc. 19) which parrots the same misapplication of the doctrine of res judicata as in its motion to dismiss (doc. 12). The City's argument is based on inapposite dicta, as several courts–both binding and otherwise–have pointed out. Had the City done its research, it would have found these several cases that explain the difference between res judicata and the principle that issues need to be joined at some clear point in the litigation. The fact that the City has moved for sanctions indicates it either doesn't understand the arguments it raises, or it does understand them and has failed its duty of candor to the Court. The Court should deny the motion and order Monte Mills and Green Espel LLP, jointly and severally, to pay TST's attorney's fees for having to address this frivolity. Counsel incurred 2.7 hours on this duplicative brief.

## ARGUMENT

### 1: Res judicata does not bar the second complaint.

The City's motion rests exclusively on the claim that res judicata applies to bar the second

complaint. Undersigned counsel more extensively briefed this issue in response to the motion to dismiss. Doc. 23 at pp. 3-7. To minimize the Court's burden of reviewing duplicative briefing, the following limits itself to a brief summary of why the City is flatly wrong.

### 1.1: Magistrates lack the power to enter involuntary orders of dismissal.

First, the City's argument rests on the claim that a magistrate order can be a dismissal on the merits. This fails because magistrates lack the power "to involuntarily dismiss an action." 28 USC § 636(b)(1)(A); accord 72.1(a)(2) (same). This function is reserved to Article III judges, absent a "clear and ambiguous consent of the affected parties," which is notably absent here. Harris v. Folk Const. Co., 138 F.3d 365, 371 (8th Cir. 1998). Thus, the Magistrate Order (TST I at doc. 79) cannot amount to a dismissal "with prejudice" and therefore cannot serve as a predicate for res judicata.

### 1.2: Denying leave to amend is not a "final judgment on the merits."

Second, the City's argument rests on inapposite dicta. Contrary to the City's out-of-context quotes, the denial of leave to amend is not *always* a denial on the merits. The Eighth Circuit has refused to "contort" the former into the latter. Kulinski v. Medtronic Bio–Medicus, Inc., 112 F.3d 368, 373 (8th Cir.1997). But Kulinski does not offer a satisfying answer for why, it only distinguishes the procedural history of the City's cited cases.

For a satisfying reason as to why the City is egregiously off-base, the Court needs to look to N. Assur. Co. of Am. v. Square D Co., 201 F.3d 84, 87–89 (2d Cir. 2000). There, the Second Circuit explains that the City's cases are speaking to the requirement "that the plaintiff must bring all claims at once against the same defendant relating to the same transaction or

event." Id., 201 F.3d at 88. When some of those claims are dismissed, it creates a question of whether and when the dismissed claims have been forfeited against a particular defendant in one suit. Id. Not forever, as the City claims, just in that one suit. Id. The actual decision denying leave to amend is irrelevant to the claim preclusion analysis. Id. To answer when the claims are barred forever, one must look at the underlying order of dismissal. Id.

Kulinski distinguished itself from the City's cited cases because those were preceded by an order of dismissal with prejudice, whereas Kulinski was not. Id., 112 F.3d 373. Kulinksi thus fits squarely in the Northern Assurance framework. A first order of dismissal without prejudice, followed by the denial of leave to amend, does not bar a separate lawsuit on the dismissed counts. Ibid.

A somewhat different explanation using purely Eighth Circuit law leads to the same conclusion. A dismissal without prejudice renders the dismissed counts a nullity. Gerhardson v. Gopher News Co., 698 F.3d 1052, 1056 (8th Cir. 2012). As a nullity, the court thereafter cannot take any further action on those counts, including dismissing them with prejudice. Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 751 (8th Cir. 1996).

The underlying order of dismissal was "**WITHOUT PREJUDICE**." Satanic Temple v. City of Belle Plaine, Minnesota, 475 F. Supp. 3d 950, 966 (D. Minn. 2020). The dismissed claims are not barred foreverbecause a "dismissal without prejudice" means that the claims were "removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim." DISMISSED WITHOUT PREJUDICE, Black's Law Dictionary (11th ed. 2019).

The City should have recognized the critical difference in procedural history between a dismissal "without prejudice" (as here) and the dismissal "with prejudice," as in all of its cases. It was simply beyond the pale for the City to file a duplicative motion for sanctions on the same inapposite authority which has been repeatedly repudiated. The Court should deny the City's motion and order Monte Mills and Green Espel, LLP, jointly and severally, to compensate TST for having to respond to this frivolity a second time. FRCP 11(c)(2). TST has incurred 1.5 hours on this section of the brief.

**2: Even if the Court disagrees, this isn't error that merits sanctions.**

Even if the Court disagrees with the above, this isn't error that merits sanctions. Sanctions are addressed to the sound discretion of the trial court. C.H. Robinson Worldwide, Inc. v. Lobrano, 695 F.3d 758, 763 (8th Cir. 2012). Where, as here, the allegedly frivolous contention is one of law, monetary sanctions may not be imposed on the client. See FRCP 11, 1993 amendment notes ("Monetary responsibility for such violations is more properly placed solely on the party's attorneys.")

The threshold appears to be objective reasonableness at the time the complaint was filed. 5A Fed. Prac. & Proc. Civ. § 1335 (4th ed.) (Wright & Miller). It is addressed in a two-step process: (1) whether the contentions are objectively frivolous; and (2) whether at the time of the signing the signer should have known this. Id.

"Frivolity" is more than legal error. Not every incorrect legal argument merits an order for sanctions. The operative question is whether the legal claims are "warranted by existing law" or "by a nonfrivolous argument for extending, modifying, or reversing existing law."

FRCP 11(b)(2).

This argument over res judicata fits in both definitions. As argued above, the <u>Kulinski</u> Court squarely addressed the procedural history here: (1) a dismissal without prejudice; then (2) a denial of leave to amend; means (3) the second complaint is not barred. Dismissals are either with prejudice or without, so <u>Kulinski</u> is directly on point. This existing law warrants the claim that res judicata does not bar the second complaint.

The <u>Northern Assurance</u> opinion gives the basis for the second option. While <u>Kulinski</u> did not enunciate why, exactly, the denial of leave could not be "contorted" into a dismissal with prejudice, the Second Circuit has squarely addressed it. This existing law warrants a claim that the Eighth Circuit should more clearly repudiate the City's cited dicta.

The City's motion also accuses Counsel of failing to conduct a reasonable investigation into the legal basis for the new complaint, or that Counsel "ignored what they found." This speaks to the second prong of the analysis. But this fails, too, because Counsel *did* research the legal basis for the new complaint, which is why Counsel argued about two months prior:

> The order [of dismissal], itself, does not place any limits on when
> TST could move to amend the complaint. See doc. 46. The only
> hard deadline, then, is the statute of limitations.

<u>TST I</u> at doc. 65; compare <u>Gerhardson</u>, 698 F.3d at 1056 ("An involuntary dismissal without prejudice operates to leave the parties as if no action had been brought at all. Following such dismissal the statute of limitations is deemed not to have been suspended during the period in which the suit was pending").

Following the Magistrate Order, Counsel further researched the doctrine of res judicata

and formed a firm conviction that res judicata would not bar the second complaint. See doc. 1 at pp. 1-2. The City throws barbs at Counsel's reliance on Clarke v. Redeker, 406 F.2d 883 (8th Cir. 1969) and Ward v. El Rancho Manana, Inc., 945 N.W.2d 439, 446 (Minn. Ct. App. 2020), review denied (Oct. 1, 2020). Doc. 19 at p. 19. Yet, both clearly point out that a final judgment on the merits is a prerequisite to the claim preclusion aspect of res judicata. The order of dismissal explicitly states that it is not a final judgment on the merits. Thus, there is no claim preclusion. This is not a difficult legal analysis.

The City's motion is a plain attempt to overburden and harass Counsel with duplicative briefing. The City could easily have found that several courts have repudiated the City's cited dicta by simply checking the citation references for King. The fact is that the City made no effort to distinguish Kulinski, Northern Assurance, Curtis v. Citibank, N.A., 226 F.3d 133, 139–40 (2d Cir. 2000), Millennium Lab'ys, Inc. v. Ward, 289 Neb. 718, 728, 857 N.W.2d 304, 306 (2014), or Long v. TRW Vehicle Safety Sys., Inc., No. CV-09-2209-PHX-DGC, 2010 WL 729465, at *5 (D. Ariz. Feb. 26, 2010). All should have been found by cite-checking King.

So the City either failed to do basic legal research, or the City is intentionally misrepresenting the law to the Court. In either event, the Court should order Monte Mills and Green Espel, LLP–jointly and severally–to compensate Counsel for having to address this frivolity. FRCP 11(c)(5); compare . Counsel expended 1.2 hour on this section of the brief, for a total of 2.7 hours.

**WHEREFORE** TST prays this Court enter an order denying the City's motion in full.

|         | Respectfully submitted on March 23, 2021, on behalf of The Satanic Temple |
|---:|:---|
| By: | /s/ Matthew A. Kezhaya |
|  | Matthew A. Kezhaya, MN # 0402193 |
|  | **Kezhaya Law PLC** |
|  | 100 S. Fifth Street, 19th Floor |
|  | Minneapolis, MN 55402 |
| phone: | (479) 431-6112 |
| facsimile: | (479) 282-2892 |
| email: | matt@kezhaya.law |

### CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on March 23, 2021 which sends service to registered users, including all other counsel of record in this cause.  /s/ Matthew A. Kezhaya