IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **THE SATANIC TEMPLE, INC.**<br><br>PLAINTIFF,<br><br>v.<br><br>**CITY OF BELLE PLAINE, MN**<br><br>DEFENDANT. | Case No. 21-CV-00336 (WMW/LIB)<br><br>**PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF DAWN MEYER** |

## INTRODUCTION

**COMES NOW** Plaintiff, by and through counsel of record, on motion to strike the declaration of Dawn Meyer (Doc. 28) which the City filed in support of its motion to dismiss (Doc. 10). FRCP 12(f).

The City's motion is raised under Rule 12(b)(6), which constrains the factual allegations to the complaint. The declaration purports to compete with the factual allegations of the complaint so the Court should strike the declaration as outside the pleadings.

Alternatively, if the Court decides to consider the declaration, that converts the Defendant's motion into an unsupported motion for summary judgment, in which event the motion should be summarily denied for failure to show that there are no genuine issues of material fact.

Further, Meyer's declaration was untimely because it is attached to a reply brief. This is improper under both the federal rules and the local rules. Because TST has no mechanism to respond to Meyer's declaration (there is no surreply provided for), prejudice is self-apparent. Last, TST was prohibited from inquiring of Meyer into the subject matter of the declaration.

The City is engaging in trial by ambush.

For these reasons, the declaration is inadmissible, and should be stricken from the record. Accordingly, Plaintiff respectfully requests that the Court grant its motion to strike the declaration of Dawn Meyer (Doc. 28), or at the very least, grant Plaintiff another deposition of Dawn Meyer, during which Plaintiff will be afforded the opportunity to inquire about the substance of the declaration.

## BACKGROUND

Plaintiff took the deposition of Dawn Meyer on February 8, 2021. See **Exhibit 1** (Deposition of Dawn Meyer). During the deposition, the City's counsel repeatedly refused to allow Meyer to answer questions related to the City's meetings, including at:

a. Meyer Dep. 13:19-25

> Q. There was a June meeting where a priest came in and objected to TST's application, wasn't there?
>
> MR. MILLS: Objection: This is beyond the scope of the deposition. There are five topics listed. The original -- Well, I'll just stop there for now. This is beyond the scope.

b. Meyer Dep. 15:18-21

> Q. So there was a meeting in July that the City hosted about TST's monument; isn't that the case?
>
> MR. MILLS: Objection. This is beyond the scope of the deposition –

c. Meyer Dep. 16:20-25; 17:1-9

> Q. Okay. Did you, in fact, set up that workshop session?
>
> A. There was no council workshop scheduled on July 10th.

> Q. Okay. So you responded that you'll work on getting it set up and posted. We see this on Exhibit 7, right?
>
> MR. MILLS: Objection: This is beyond the scope.
>
> MR. KEZHAYA: This is meetings, Monte. I've heard your objection. Please answer the question.
>
> MR. MILLS: This is beyond – Meetings constituting the internal decision making about plaintiff's request.

On March 5, 2021, Defendant filed a motion to dismiss. (Doc. 10). TST timely responded. Doc. 23. On March 29, 2021, issued a reply along with the Dawn Meyer Declaration. (Doc. 28). The Meyer declaration included testimony regarding Ms. Meyer's knowledge of the City's Meetings and communications, which the City refused to permit TST's inquiry into. (Doc 28, at ¶¶ 1-3; ); compare Meyer Dep. 13:19-25, 15:18-21, 16:20-25, and 17:19.

Due to the timing of the production of Ms. Meyer's declaration, TST was blocked from questioning Dawn Meyer on any of the material substance referenced in her declaration, and now the same information is being improperly attached to a dispositive motion–one that is supposed to be constrained to the allegations of the complaint–which precludes TST from having any opportunity to test the veracity of her statements or counter the same.

## **LEGAL STANDARD**

When assessing the sufficiency of a complaint under Rule 12(b)(6), courts must ordinarily confine the analysis to the four corners of the complaint and ignore all materials outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). However, courts may consider "some materials that are part of the public record or do not contradict the complaint ... as well as materials that are necessarily embraced by the pleadings." *Id.* (internal

quotation marks omitted). "The court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 701 (8th Cir. 2003).

Rule 12 allows a party to bring a motion to dismiss, for failure to state a claim, which "is determined on the basis of the pleadings. However, [when a party] has attempted to pierce the pleadings by buttressing his motion with various exhibits and affidavits…Rule 12(b) gives the Court the option of excluding the supporting documents and assessing the sufficiency of the claims on the basis of the pleadings alone, or accepting the documents and treating the motion as one for summary judgment under Rule 56." *Morrill v. Becton, Dickinson and Co.*, 1981 WL 48143, at *1 (E.D.Mo.,1981)(citing 5 Wright and Miller, Federal Practice and Procedure, §1366.)

"Federal Rule of Civil Procedure 56(e)(1) provides that '[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify to the matters stated.'.. an affidavit which fails to meet any of the three requirements is subject to a motion to strike." *City of Shawnee, Kan. v. Argonaut Ins. Co.*, 546 F.Supp.2d 1163, 1177 (D. Kan. 2008)(cited by *Federal Insurance Company v. Sammons Financial Group, Inc.*, 2014 WL 11514685, at *2 (S.D. Iowa 2014)); accord, *McSpadden v. Mullins*, 456 F.2d 428, 430 (8th Cir. 1972)("Affidavits in support of summary judgment must be made on personal knowledge and contain admissible evidence…Where an affidavit does not meet this standard, it is subject to a motion to strike.")).

"As our Court of Appeals has observed, '[t]he purpose of our modern discovery procedure is to narrow the issues, *to eliminate surprise,* and to achieve substantial justice.'" *In re Potash Antitrust Litigation*, 1996 WL 757185, at *5 (D. Minn. 1996)(quoting *Mawby v. United States,* 999 F.2d 1252, 1254 (8th Cir. 1993)(emphasis original)). Thus, "[u]nder FRCP 26(a)(1) each party must, without waiting for a discovery request, provide to the other party 'the name … of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses.'" *Disability Support Alliance v. Heartwood Enterprises*, LLC, 2016 WL 740411, at *2 (D. Minn. 2016). The "[f]ailure to disclose in a timely manner is equivalent to failure to disclose." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 704 (8th Cir. 2018) And, "[w]here a party fails to make such a disclosure or to supplement an earlier response, it may not 'supply [that] evidence on a motion, at a hearing, or a trial, unless the failure was substantially justified or is harmless.'" *Disability Support Alliance*, 2016 WL 740411, at *2 (quoting Fed. R. Civ. P. 37(c)(1)).

"The district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case," when a party violates a procedural discovery rule. *Johnson v. J. B. Hunt Transport, Inc.*, 2013 WL 6731935, at *8 (D. Minn. 2013). "The Court considers four factors to determine whether exclusion is warranted: (1) the importance of the excluded material; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the material to be used …, and (4) the availability of a continuance to cure such prejudice." *Insignia Systems, Inc. v. News America Marketing In-Store, Inc.,* 661 F.Supp.2d 1039, 1052–53 (D. Minn. 2009)(internal citations

and quotations omitted). An untimely disclosure may not be prejudicial to an objecting party where the prejudice can "be cured in argument in its reply brief." *Sipe v. Fleetwood Motor Homes of Pennsylvania*, 2008 WL 11463568, at *3 (D.Minn. 2008) But, it would be an abuse discretion to "not afford[] [an objecting party] an opportunity to rebut the evidence," which was untimely disclosed. *Mawby v. U.S.*, 999 F.2d 1252, 1254 (8th Cir. 1993).

Both FRCP 6 and LR 7.1 require, that "any affidavits and exhibits" be filed with the original motion. LR 7.1(c)(1)(D); see also FRCP 6(c)(2) and 4B Fed. Prac. & Proc. Civ. § 1170 (4th ed.) ("The party's affidavits must be served *with the motion*") (emphasis added).

## ARGUMENT

## 1: The declaration should be stricken because it is outside the pleadings.

The primary issue with the declaration is it contests the fact allegations of the complaint. Under Rule 12(d), the Court may determine whether to consider the declaration, which converts the City's "motion to dismiss" into a motion for summary judgment. Or the Court can exclude the declaration and assess the sufficiency of the complaint on the basis of the pleadings alone.

If the Court entertains the declaration, the declaration still fails the Rule 56 standard for the reasons below. But before even getting to those problems, treating the motion to dismiss as a motion for summary judgment requires a summary denial of the motion.

A plaintiff is entitled to reasonable discovery before the Court can entertain competing evidentiary claims. E.g. Palmer v. Tracor, Inc., 856 F.2d 1131, 1133–34 (8th Cir. 1988) (reversing a summary judgment as prematurely granted because the plaintiff was not afforded

any discovery). For the reasons stated in TST's response in objection to what was then a motion to dismiss (Doc. 23), the federal constitutional claims in this case will require discovery as to why the City enacted the Recission Resolution. TST has never been afforded that discovery. See TST 1 (19-cv-1122) at doc. 79 (the Magistrate Order denied a motion to compel discovery); but see id. at doc. 91 (this Court has not yet resolved the objection to Magistrate Order). Because TST has not been afforded discovery as to how, when, and why the Recission Resolution got enacted–and who drafted the document–the City's motion for summary judgment should be summarily denied.

Alternatively, the Court may find that TST produced adequate materials with the complaint that it can find there is no genuine issue of material fact and TST is entitled to summary judgment. FRCP 56(e) and (f). Since the City has converted its motion to dismiss into a motion for summary judgment, the City had an obligation to meet proof with proof and contest TST's assertions of fact. FRCP 56 (e).

By failing to address any of the fact allegations, save the bare denial that *to Dawn Meyer's knowledge*, no number of City councilmembers had a meeting on July 10 (Meyer Dep. 17:25-18:2), the sole evidence of record is that the City did have off-the-record meetings with the Veterans Group. See Complaint at ¶¶ 35-43 and 69-92.

The contemplated purpose of those meetings was to accommodate, uniquely, a Christian monument to the exclusion of a competing Atheistic or Satanic monument. Ibid.; see also id. at e.g. ¶¶ 56-57 ("How can the City prevent monuments from the Freedom From Religion [Foundation from] going into the Park?") 61 ("[H]ow can we up here, be assured that, number

one, these [Satanic] monuments won't go into that Park?") and corresponding video clips.

Later, the City entertained objections to TST's Display which objected to the content of TST's messages. Id. at ¶¶ 160-184. And schemed to exclude TST's Display because of the nature of the display. Id. at ¶¶ 185-227. Dawn Meyer can feign ignorance about the off-the-record meeting she was instructed to schedule for on-or-around July 10, compare Meyer Dep. 17:25-18:2 with Complaint Exhibits 17 and 18, but all this does is remove her qualification to attest that there was no such meeting. FRE 602 (a witness can only testify to matters within their personal knowledge). Her declaration that the City Council did not have an "official" meeting does not exclude that there was an "unofficial" meeting which involved some number of councilors. Because the sole evidence of record is that there was an unofficial meeting, and the City moved for summary disposition, the Court could and should find that TST is entitled to that summary disposition. FRCP 56(f)(1).

## 2: The Meyer declaration is untimely and should be struck.

The Meyer declaration should also be struck because it was attached to the reply. See FRCP 6(c)(2) and LR 7.1(c)(1)(D). The Rules clearly and explicitly require the attachment of "any affidavits and exhibits" to the motion, not to the reply brief. Cf. LR 7.1(c)(3)(A)(i) (permitting a reply memorandum, not affidavits and exhibits); see also 4B Fed. Prac. & Proc. Civ. § 1170 (4th ed.) ("The party's affidavits must be served *with the motion*") (emphasis added).

As this Court stated in *In re Potash,* 1996 WL 757185, at *5, one of the goals of modern discovery is to eliminate surprise in discovery. The late disclosure of Ms. Meyer's testimony, with no opportunity to rebut or inquire into the same, is in contravention of the rules of

discovery and creates a surprise scenario in which Plaintiff is forced to challenge conclusory statements without the opportunity to examine the source of the statements, or provide evidence that clearly counters those aversions. The City cannot be allowed to use the Declaration of Dawn Meyer to support its dispositive motion, while at the same time avoiding any inquiry or scrutiny into the veracity of the statements.

The goal of these rules are clear: to ensure that parties opposing a dispositive motion are given the fair opportunity to rebut any evidence the proponent of the motion relies upon. By attaching new evidence and declarations that were not subject to a response by Plaintiff or even questioning at deposition, the opponent of a dispositive motion is left with no opportunity to respond to those evidentiary claims. See also LR 7.1 (there is no mechanism for a surreply).

Here, the City is not only failing to lay a proper foundation for documents that Ms. Meyer did not author, it is failing to *timely* lay a proper foundation. By attaching a declaration to its reply briefs, the City has precluded TST from its right to challenge the veracity and foundation of the declarations and their contents. This is exactly the kind of improper presentation of evidence that the discovery rules are in place to prevent, and accordingly, the declaration should be struck.


**3: The declaration contains facts that are not admissible in evidence.**

Meyer's testimony is also inadmissible because TST was prohibited from discovery on the City's meetings. As addressed above, TST was prohibited from discovery about any meetings

in which the City discussed or addressed TST's Display. See generally **Exhibit 1** (Meyer Deposition). The City repeatedly objected to Plaintiff's questions to Meyer concerning her knowledge of the City's meetings because they were outside the scope of admissible evidence. If Meyer's knowledge concerning the City meetings was outside the scope of discovery for her deposition, the City is estopped from arguing that the matter is dispositive to TST's complaint.

## CONCLUSION

**WHEREFORE** TST prays this Court strike the declaration of Dawn Meyer.

Respectfully submitted on April 13, 2021

**KEZHAYA LAW, PLC**

*/s/ Matthew A. Kezhaya*
Matthew A. Kezhaya, Esq. ABA # 2014161
Kezhaya Law PLC
1202 NE McClain Rd
Bentonville, AR 72712
p: (479) 431-6112
f: (479) 282-2892
e: matt@kezhaya.law


**ROBERT R. HOPPER & ASSOCIATES, L.L.C.**

*/s/ Jason S. Juran*
Jason S. Juran, Esq. (#397935)
Robert R. Hopper, Esq. (#208760)
333 South 7th Street, Suite 2450
Minneapolis, MN 55402
T: (612) 455-2199
E: jason.juran@robertrhopper.com
E: robert.hopper@robertrhopper.com


**ATTORNEYS FOR PLAINTIFF**