IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| The Satanic Temple, Inc. | Case No. 21-CV-00336 (WMW/LIB) |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT BELLE PLAINE'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DECLARATION OF DAWN MEYER** |
| City of Belle Plaine, MN, | |
| Defendant. | |

## INTRODUCTION

This Court should deny Plaintiff's motion to strike the declaration of City Administrator Dawn Meyer for several reasons. First, the rules do not authorize a motion to strike a declaration. Second, a declaration may be filed with a reply where—as here—it is necessary to address factual claims of the responding party that were not reasonably anticipated. Third, the declaration (and the exhibit thereto) can properly be considered without converting the motion to dismiss into one for summary judgment.

## ARGUMENT

**I. Plaintiff's motion to strike a declaration is not authorized by the Federal Rules of Civil Procedure or by the Local Rules.**

Federal Rule of Civil Procedure 12(f) provides that a party may move to strike a pleading within 21 days after service of the pleading—but affidavits, declarations, and memoranda are not "pleadings." *See* Fed. R. Civ. P. 7(a)

(exclusive list of "pleadings"). And nothing in the District of Minnesota Local Rules authorizes a party to move to strike an affidavit, declaration, or memorandum. Indeed, several judges in this District have concluded that neither the Federal Rules of Civil Procedure nor the District's Local Rules authorize a party to bring such a motion to strike. *See, e.g.*, *Fredin v. Middlecamp*, No. 17-CV-3058, 2020 WL 6703819, at *12 (D. Minn. Nov. 13, 2020) (collecting cases, including *Carlson Mktg. Grp., Inc. v. Royal Indem. Co.*, No. 04-CV-3368, 2006 WL 2917173, at *2 (D. Minn. Oct. 11, 2006); *Smith v. United HealthCare Servs., Inc.*, No. 00-1163, 2003 WL 22047861, at *3 n.7 (D. Minn. Aug. 28, 2003); and *VanDanacker v. Main Motor Sales Co.*, 109 F. Supp. 2d 1045, 1047 (D. Minn. 2000)); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (stating that a motion to strike "is neither an authorized nor a proper way . . . to strike an opponent's affidavits" and that affidavits "and other documents outside of the pleadings are not subject to Rule 12(f)"). Motions to strike a declaration "serve no purpose other than to crowd the docket and circumvent court rules limiting the number and length of memoranda." *Zellner–Dion v. Wilmington Fin., Inc.*, No. 10-CV-2587, 2012 WL 2952251, at *1 n.1 (D. Minn. July 19, 2012).

The Court should deny Plaintiff's motion to strike the declaration based on this issue alone.

## II. The declaration properly addressed factual allegations that the City did not reasonably anticipate would be made in response to the motion to dismiss.

Chief Judge Tunheim has explained that Local Rule 7.1 "'neither permits nor prohibits the moving party from filing affidavits or other factual material'" with a reply because such submissions are "'appropriate only when necessary to address factual claims of the responding party that were not reasonably anticipated.'" *Capsource Fin., Inc. v. Moore*, No. 11-2753, 2012 WL 2449935, at *7 (D. Minn. June 27, 2012) (quoting 1999 Advisory Committee's Note to Local Rule 7.1(b) and denying motion to strike declarations filed with a reply memorandum); *see also SMC Holdings, LLC v McCann*, No. 15-490, 2017 WL 4325692, at *1, *5 (D. Minn. Sept. 27, 2017). Judge Nelson likewise has recognized that Local Rule 7.1 "neither permits nor prohibits the moving party from filing affidavits or other factual material therewith." *Antonich v. U.S. Bank Nat. Ass'n*, No. 14-CV-710, 2015 WL 4771551, at *9 n.2 (D. Minn. Aug. 13, 2015) (citing 1999 Advisory Committee's Note to Local Rule 7.1(b) and concluding that "the reply declarations and accompanying exhibits do not raise new facts or arguments, but simply address Plaintiff's factual claims."). That is the situation here.

When it filed its motion to dismiss, the City did not have reason to anticipate that Plaintiff would double down on its allegation that the City Council

conducted a "secret Workshop session"[1] on July 10, 2017. Plaintiff based its allegation on a June 30, 2017 email in which the mayor asked the Interim City Administrator (Dawn Meyer) to "try and set up a Workshop session with the Council and the Veterans for Monday July 10 if possible."[2]

Plaintiff filed its complaint on February 4, 2021.[3] Four days later, on February 8, 2021, Plaintiff took the Rule 30(b)(6) deposition of the City in the *Satanic Temple I* lawsuit.[4] During the deposition, Plaintiff's counsel questioned the City's 30(b)(6) witness (Dawn Meyer) about the email and whether the City Council held a meeting on July 10, 2017:

> Q. Okay. And [the mayor] responded the next morning asking you to set up a workshop session with the council and the veterans for July 10th, right?
>
> A. Correct.

---

[1] ECF.1 ¶ 192; *see also id.* ¶ 191 (alleging an "off-the-record meeting between the City Council and the Veterans Group"). Plaintiff also cites Complaint Exhibit 2 for evidence of an "off-the-record meeting with the Veterans Group," ECF.23 at 19–20, but that refers to a closed-session meeting of the City Council on January 3, 2017, before the Enacting Resolution even existed. The face of that document indicates who was present during the January 3 closed session. ECF.1-1 at 7. The listed attendees did not include representatives of the Veterans Group. Plaintiff goes on to argue that "[i]mmediately after that meeting, the City began coordinating its press release with its insurer about what would become the Recission Resolution." ECF.23 at 20. But the closed session referenced in Exhibit 2 was on January 3, 2017, and the Rescinding Resolution was not adopted until July 17, 2017.

[2] ECF.1-2 at 11.

[3] *See* ECF.1.

[4] *See* ECF.31.

4

Q. Okay. Did you, in fact, set up that workshop session?

A. There was no council workshop scheduled on July 10.

Q. Okay. So you responded that you'll work on getting it set up and posted. We see this on Exhibit 7, right?[5]

MR. MILLS: Objection: This is beyond the scope.

MR. KEZHAYA: This is meetings, Monte. I've heard your objection. Please answer the question.

MR. MILLS: This is beyond—Meetings constituting the internal decision making about plaintiff's request.

MR. KEZHAYA: Yes. This would fall very cleanly under that. Dawn, please answer the question.

MR. MILLS: I'll allow this one to proceed with that clarification.

A. I'm sorry. Can you repeat the question?

Q. Did you, in fact, set up a workshop session?

A. We did not have a public meeting or the workshop session.

Q. Okay. What is a workshop session?

A. It's a public meeting with the council as a whole to review City business.

Q. Okay. You said you didn't have a public meeting. Was there a private meeting?

A. No.

Q. Okay. Was any number of city council members meeting on July 10th?

---

[5] The referenced deposition exhibit in *Satanic Temple I* is Exhibit 7 to the complaint in this case. *Compare* ECF.28-1 at 8–9, *with* ECF.1-2 at 11.

A. Not to my knowledge.⁶

Plaintiff's counsel, having failed to elicit any evidence of a July 10 City Council meeting (secret or otherwise), then abandoned this line of questioning.

Given the above testimony on February 8, when the City filed its motion to dismiss on March 1, it did not reasonably anticipate that Plaintiff would cling to its allegations that a July 10 secret meeting took place (let alone its allegations about what took place at the nonexistent meeting). Nonetheless, Plaintiff argued in its response to the motion to dismiss that "[t]he real determination to exclude TST was made at the secret Workshop meeting between the Council and the Veterans Group."⁷ To refute this, the City filed the Meyer declaration with its reply, in which Meyer reiterated that the City Council did not have a workshop meeting or other meeting on or about July 10, 2017, and to which the relevant excerpts of the City's 30(b)(6) deposition were attached as Exhibit A.⁸

The Court should also reject Plaintiff's false assertions that "TST was blocked from questioning Dawn Meyer on any of the material substance referenced in her declaration,"⁹ and that the City's counsel "repeatedly refused to

---

⁶ ECF.28-1 at 16–18.

⁷ ECF.23 at 41.

⁸ *See* ECF.28 & ECF.28-1.

⁹ ECF.30 at 3.

allow [the witness] to answer questions related to the City's meetings."[10] The record shows that Plaintiff's counsel undisputedly examined Meyer regarding the occurrence of a July 10, 2017 meeting of the City Council. Indeed, Plaintiff fails to identify any point during the deposition where the City's counsel instructed the witness not to answer, even though such an instruction would have been proper as necessary "to enforce a limitation ordered by the court." Fed. R. Civ. P. 30(c)(2).

Given that the City's deposition testimony reveals that no meeting—public or private—occurred on July 10, 2017, this Court should ask Plaintiff in the second lawsuit what evidentiary support it has for the allegation of a "secret Workshop meeting" on that date.[11]

### III. Evidence about the presence or absence of public records can properly be considered without converting the motion to dismiss into one for summary judgment.

The Court should reject Plaintiff's contention that the Court should strike the Meyer declaration because it is "outside the pleadings." That declaration provided evidence to rebut Plaintiff's allegation about a City Council meeting occurring on July 10, 2017. Although matters "outside the pleadings" may not be considered in deciding a Rule 12 motion to dismiss, documents "necessarily embraced by the complaint are not matters outside the pleading." *Zean v. Fairview*

---

[10] ECF.30 at 2.

[11] *See* ECF.27 at 13 n.27.

*Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quotation omitted). In ruling on a 12(b)(6) motion to dismiss, courts additionally consider matters incorporated by reference or integral to the claim, items subject to judicial notice, materials that are part of the public record, orders, and exhibits attached to the pleadings, without converting the motion into one for summary judgment. *Id.*; *Podraza v. Whiting*, 790 F.3d 828, 833 (8th Cir. 2015); *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011); *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

The declaration at issue shows that, based on public records, the City Council did not have a public meeting or other meeting on or about July 10, 2017. This Court may consider such evidence about public records and public meetings. *Cf. Applegate, LP v. City of Frederick, Md.*, 179 F. Supp. 3d 522, 526 (D. Md. 2016) (considering, on motion to dismiss, minutes of meetings held by city officials that contradicted plaintiffs' speculation that "no public hearings" were held in connection with a particular issue). In addition, the Court can consider in the Rule 12(b)(6) context the legislative history of the Rescinding Resolution (that is, whether certain meetings occurred) because it is a matter subject to judicial notice. *See, e.g., Territory of Alaska v. American Can. Co.*, 358 U.S. 224, 226–27 (1959) (taking judicial notice of the legislative history of a bill); *Flippin v. United*

*States*, 121 F.2d 742, 744 (8th Cir. 1941) (holding that judicial notice may be taken of a statute's legislative history).

If instead Plaintiff had alleged that a City Council meeting did ***not*** take place on a certain date, the Court could properly consider in the Rule 12(b)(6) context public records contradicting the allegation, such as meeting minutes or a videorecording of the meeting. *See, e.g.*, *First Lutheran Church v. City of St. Paul*, No. 18-954, 2018 WL 3762560, at *2 n.1 (D. Minn. Aug. 8, 2018) (video of city council meeting is "unquestionably part of the public record"); *cf. Ness v. City of Bloomington*, No. 19-2882, 2020 WL 4227156, at *7–8, 11 (D. Minn. July 23, 2020) (considering bodycam footage that contradicted allegations in complaint about encounters between plaintiff and law enforcement, and granting motion to dismiss). Similarly, if a City Council meeting ***had*** occurred on July 10, 2017 (which it did not), the City would be entitled to present the Court with the videorecording of the meeting to refute any allegations in the complaint about what took place at the meeting. It would be an incongruous result to prevent the City from submitting evidence to show that a City Council meeting did not occur where such a meeting would ordinarily yield public records, such as public notices, meeting agendas, minutes, and the like.[12]

---

[12] *See* ECF.28 ¶ 2.

Moreover, it is worth noting that the City's motion to dismiss did not occur in a vacuum. As the City argued, this lawsuit should be dismissed under res judicata because a final decision on the merits of the claims here was already rendered in *Satanic Temple I*.[13] The Court is not required to ignore the record that has been developed in *Satanic Temple I*—including the City's sworn testimony that no July 10, 2017 City Council meeting of any kind actually happened. At least one federal judge has concluded as much, when evaluating the allegations in a complaint that ignored what had happened in a related case that involved "the same defendants and virtually identical facts, claims and attorneys as the case at bar":

> For purposes of a Rule 12(b)(6) motion, "[t]he plaintiff's factual allegations are accepted as true. . . . However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Next Century Communications Corp. v. Ellis*, 318 F.3d 1023, 1025 (11th Cir. 2003); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true."). The Court is therefore not obliged to pretend that five years of litigation history in [the related case] did not happen and to accept at face value plaintiffs' conclusory allegation that all information relating to their fraud claims is in defendants' exclusive control when the Court knows that not to be so.

*Abrams v. CIBA Specialty Chems. Corp.*, No. 08-0068-WS-B, 2008 WL 4183344, at *8 & n.14 (S.D. Ala. Sept. 10, 2008).

---

[13] If the Court agrees that res judicata bars this suit, there is no need to decide the motion to strike.

## CONCLUSION

Plaintiff's motion to strike lacks legal support. The Court should deny Plaintiff's motion to strike.

Dated: April 20, 2021						**GREENE ESPEL PLLP**

 *s/ Monte A. Mills*
Monte A. Mills, Reg. No. 030458X
Katherine M. Swenson, Reg. No. 0389280
222 S. Ninth Street, Suite 220
Minneapolis MN 55402
mmills@greeneespel.com
kswenson@greeneespel.com
(612) 373-0830

Attorneys for Defendant