UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| The Satanic Temple, Inc., | Case No. 21-cv-0336 (WMW/JFD) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| City of Belle Plaine, MN, | |
| Defendant. | |

---

This matter is before the Court on Defendant City of Belle Plain, MN's (Belle Plaine) motion for attorneys' fees.  (Dkt. 49.)  Plaintiff The Satanic Temple, Inc. (TST), opposes Belle Plaine's motion.  For the reasons addressed below, the motion is granted in part and denied in part.

## BACKGROUND

In this case and in a related case filed in 2019, TST alleged that Belle Plaine violated its rights under federal law, the United States Constitution, and the Minnesota Constitution and should be held liable under the doctrine of promissory estoppel.  In TST's first-filed case, this Court dismissed TST's constitutional and statutory claims for failure to state a claim on which relief can be granted.  *See Satanic Temple v. City of Belle Plaine* (*Satanic Temple I*), 475 F. Supp. 3d 950 (D. Minn. 2020).  Subsequently, the Court granted Belle Plaine's motion for summary judgment as to TST's remaining promissory-estoppel claim in *Satanic Temple I*.  The Court also affirmed the magistrate

judge's order denying TST's motion for leave to amend its complaint to re-assert its dismissed constitutional claims and add new constitutional claims.

After the magistrate judge denied TST's motion to amend its complaint in *Satanic Temple I*, TST commenced this second lawsuit in February 2021. *See Satanic Temple, Inc. v. City of Belle Plaine* (*Satanic Temple II*), No. 21-cv-0336, Dkt. 1 (D. Minn. Feb. 4, 2021). In *Satanic Temple II*, TST asserted the same constitutional claims that TST unsuccessfully attempted to assert in its proposed amended complaint in *Satanic Temple I*. The Court granted Belle Plaine's motion to dismiss in *Satanic Temple II*, concluding that TST's claims were barred by res judicata based on *Satanic Temple I*.

The Court also granted Belle Plaine's motion for sanctions against TST's counsel in this case. The Court concluded that the filing of *Satanic Temple II* was a frivolous attempt to circumvent the rulings in *Satanic Temple I* and wasted judicial resources. The Court ordered Belle Plaine to file the pending motion and supporting evidence as to the amount of attorneys' fees Belle Plaine incurred responding to the complaint and seeking sanctions in *Satanic Temple II*.

## ANALYSIS

### I.      Propriety of Monetary Sanctions

As a threshold matter, TST disputes whether monetary sanctions are warranted, arguing that the Court's September 15, 2021 Order, which granted Belle Plaine's motion for sanctions, did not explain why nonmonetary sanctions would be insufficient to deter similar future misconduct.

TST's argument challenging the propriety of monetary sanctions appears to be a request for reconsideration of the Court's September 15, 2021 Order. TST's request is procedurally improper. This District's Local Rules prohibit filing a motion for reconsideration without first obtaining leave of the court. *See* LR 7.1(j) ("Except with the court's prior permission, a party must not file a motion to reconsider."). A party "must first file and serve a letter of no more than two pages requesting such permission." *Id.* TST has neither sought nor obtained the Court's permission to file a motion for reconsideration. The Court, therefore, construes TST's argument as an implicit request for permission to file a motion to reconsider.

A party may receive permission to file a motion for reconsideration only by showing "compelling circumstances." *Id.* "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). A motion for reconsideration cannot be employed to introduce evidence or arguments that could have been made, or tender new legal theories for the first time. *See id.*

TST contends that the Court's September 15, 2021 Order, which awarded attorneys' fees to Belle Plaine as a sanction under Rule 11, Fed. R. Civ. P., is legally erroneous because the Court did not address whether nonmonetary sanctions would be insufficient. In doing so, TST expressly "acknowledge[s] that the Court has already rejected these lines of argument." As such, TST concedes that it is attempting to repeat

arguments it previously made, which is an improper basis for seeking reconsideration. *See Hagerman*, 839 F.2d at 414.

Moreover, TST has not identified a manifest error of law in the Court's September 15, 2021 Order. As this Court observed, the United States Court of Appeals for the Eighth Circuit repeatedly and unequivocally has held that "a district court abuses its discretion by refusing to sanction a plaintiff and his counsel under Rule 11 for filing and maintaining a frivolous lawsuit when the plaintiff seeks to relitigate claims [the plaintiff] had been denied leave to serve against the same defendant in an earlier lawsuit." *Pro. Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030, 1033 (8th Cir. 2003); *King v. Hoover Grp., Inc.*, 958 F.2d 219, 223 (8th Cir. 1992) (concluding that "the district court erred in determining that sanctions and costs were inappropriate" because "counsel should have realized that *King II* was barred by *King I* because of the identity of the facts and issues"); *accord Landscape Props., Inc. v. Whisenhunt*, 127 F.3d 678, 683 (8th Cir. 1997) (affirming district court's award of Rule 11 sanctions in the same circumstances).

As this Court previously acknowledged, a sanction imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). When applying this standard, a "district court has *discretion* to impose non-monetary sanctions, but it is not required to do so." *Kirk Cap. Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir. 1994). Although Rule 11 "de-emphasizes monetary sanctions and discourages direct payouts to the opposing party, the rule also recognizes that under unusual circumstances . . . deterrence

may be ineffective unless the sanction not only requires the person violating the rule to make a monetary payment, but also directs that some or all of this payment be made to those injured by the violation." *Murphy v. Aurora Loan Servs., LLC*, 859 F. Supp. 2d 1016, 1022 (D. Minn. 2012) (internal quotation marks and citations omitted). Rule 11 expressly provides that "if imposed on motion and warranted for effective deterrence," sanctions may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

In its September 15, 2021 Order, this Court observed that, after the magistrate judge denied TST's motion to amend its complaint in *Satanic Temple I*, TST's recourse was to appeal that decision, not start a new lawsuit. But TST did not even *attempt* to pursue its proper recourse, the Court observed. Instead, TST filed a second frivolous lawsuit. Notably, TST filed its second lawsuit after the magistrate judge in *Satanic Temple I* had expressly rejected this strategy, finding in a January 26, 2021 Order that Belle Plaine "would in fact be severely prejudiced if [TST] were permitted to reassert its claims anew in a second round of litigation." TST did not appeal that finding, but instead blatantly disregarded it.

TST's misconduct resulted in a waste of resources, both for Belle Plaine and for the Court. And TST's misconduct in filing *Satanic Temple II* occurred after TST had disregarded multiple court-imposed deadlines in *Satanic Temple I*, demonstrated an extraordinary lack of diligence in attempting to comply with the deadlines in *Satanic*

*Temple I*, and made an untimely attempt in *Satanic Temple I* to baselessly reassert claims that the Court had dismissed.  TST's behavior, including its repeated disregard of court orders, suggests that a mere reprimand from the Court would be insufficient to deter similar misconduct in the future.  As such, the Court exercised its discretion and determined that an award of attorneys' fees, limited to those reasonably incurred in responding to the frivolous complaint in *Satanic Temple II* and seeking sanctions, is necessary to deter repetition of the same or similar misconduct.  The Eighth Circuit has affirmed the imposition of monetary sanctions in analogous circumstances.  *See, e.g.*, *Meyer v. U.S. Bank Nat'l Ass'n*, 792 F.3d 923, 927–28 (8th Cir. 2015) (affirming imposition of monetary sanction against plaintiff who attempted to evade preclusive effect of prior judgment); *Landscape Props.*, 127 F.3d at 683–85 (same).  TST has identified no manifest error of law or fact in this Court's similar determination here.

Accordingly, to the extent that TST implicitly requests permission to file a motion to reconsider the decision to impose monetary sanctions in the Court's September 15, 2021 Order, the request is denied.

## II.    Attorneys' Fees Amount

Belle Plaine contends that it reasonably incurred $33,886.80 in attorneys' fees responding to the complaint and seeking sanctions in *Satanic Temple II*.  Belle Plaine's request is limited to attorneys' fees and does not include disbursements or expenses.  TST counters that Belle Plaine incurred no attorneys' fees because Belle Plaine has not

demonstrated that it, as opposed to its insurer, incurred such fees.  In the alternative, TST argues that Belle Plaine's requested attorneys' fees amount is unreasonable.

### A.   Attorneys' Fees Incurred by Insurer

TST first argues that Belle Plaine cannot recover any attorneys' fees because Belle Plaine has not established that it incurred any fees.  Because Belle Plaine's municipal liability is covered under an insurance policy, TST maintains, any attorneys' fees were incurred by the insurance company rather than Belle Plaine.

TST identifies no legal authority in support of this argument.  It is true that, in other fee-shifting contexts, a party may not recover attorneys' fees that were not incurred by the party seeking the attorneys' fee award but instead were incurred by a third party, such as an insurer.  *See S.E.C. v. Comserv Corp.*, 908 F.2d 1407, 1414–16 (8th Cir. 1990) (holding that, under the fee-shifting provision of the Equal Access to Justice Act, typically "fees are 'incurred' when there is a legal obligation to pay them"); *accord United States v. 122.00 Acres of Land*, 856 F.2d 56, 57–58 (8th Cir. 1988) (holding that, because the party seeking fees had no obligation to pay his attorney under a contingent-fee arrangement, he had not "incurred" attorneys' fees within the meaning of the applicable fee-shifting statute).  But as explained below, these cases are inapposite.

The fee-shifting statutes at issue in *Comserv* and *122 Acres* expressly limited attorneys' fees awards to the fees "incurred" by the party seeking the award.  *Comserv*,

908 F.2d at 1412; *accord 122 Acres*, 856 F.2d at 58.[1]  In contrast, Belle Plaine seeks

attorneys' fees under Rule 11 of the Federal Rules of Civil Procedure, which contains no

such limitation.[2]  Instead, sanctions for a Rule 11 violation may include "payment to the

movant of part or all of the reasonable attorney's fees and other expenses *directly*

*resulting from the violation*."  Fed. R. Civ. P. 11(c)(4) (emphasis added).  This Court's

research has not identified any relevant legal authority requiring Belle Plaine to prove

that it directly incurred the attorneys' fees it seeks under Rule 11 or that those attorneys'

fees were not covered by insurance.  Nor has TST cited any.

Moreover, the record is unclear as to the scope of Belle Plaine's municipal liability

coverage, including any rights Belle Plaine's insurer might have to recover any portion of

the attorneys' fees the Court awards to Belle Plaine.  The manner in which legal expense

obligations should be allocated between Belle Plaine and its insurer is not at issue in this

case, nor is such allocation relevant to the reasonable amount of the sanction that should

be imposed on TST.  Indeed, even if some or all of Belle Plaine's legal fees *may* have

---

[1]     As the Eighth Circuit recognized in *Comserv*, the legislative purpose of the fee-shifting provision of the Equal Access to Justice Act (EAJA) is to diminish the impact of litigation expenses that might deter plaintiffs from bringing EAJA claims.  *See* 908 F.2d at 1415.  The Eighth Circuit observed that this purpose is not implicated when an EAJA plaintiff has no legal obligation to pay attorneys' fees and, therefore, whether a party actually incurred attorneys' fees is material to whether such fees are recoverable under the EAJA.  *Id.*  That reasoning does not apply here because the purpose of Rule 11 sanctions is to deter misconduct, and that purpose is fulfilled by monetary sanctions regardless of the scope of the opposing party's legal obligation to pay attorneys' fees.

[2]     Although the Court's September 15, 2021 Order used the phrase "attorneys' fees Belle Plaine incurred," the scope of the Court's discretion to award sanctions is governed by the text of Rule 11, Fed. R. Civ. P.

been covered by municipal liability insurance, such fees nonetheless "directly result[ed] from" TST's misconduct, which is the legal basis for the Rule 11 sanctions the Court imposed. *See* Fed. R. Civ. P. 11(c)(4).

Accordingly, the fact that Belle Plaine has municipal liability insurance does not preclude the Court from awarding Belle Plaine its reasonable attorneys' fees as a sanction for TST's misconduct under Rule 11, Fed. R. Civ. P.

### B.   Reasonableness

Under Rule 11, Belle Plaine may be awarded only *reasonable* attorneys' fees. Fed. R. Civ. P. 11(c)(4). The parties dispute whether Belle Plaine's request for $33,886.80 in attorneys' fees is reasonable.

A district court has substantial discretion when determining the reasonableness of attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1084–85 (8th Cir. 2000). The burden of establishing that the fees sought are reasonable rests with the party seeking attorneys' fees. *Hensley*, 461 U.S. at 433–34. Courts employ the lodestar method when determining the amount of reasonable attorneys' fees. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563–64 (1986). Under this method, the lodestar amount is presumed to be the reasonable fee to which counsel is entitled. *Id.* at 565; *McDonald v. Armontrout*, 860 F.2d 1456, 1458 (8th Cir. 1988). To calculate the lodestar amount, a district court multiplies the number of hours reasonably expended by a reasonable hourly rate, *Hensley*, 461 U.S. at 433, which must be "in line with [the] prevailing [rate] in the

community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The party seeking an attorneys' fees award has the burden to establish entitlement to an award with documentation that addresses the nature of the work and the appropriateness of the hourly rates and hours expended. *See Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley*, 461 U.S. at 437).

Belle Plaine seeks $33,886.80 in attorneys' fees. As reflected in the billing records of Belle Plaine's counsel, this amount is based on 157.4 hours of work performed by two attorneys, at hourly rates of $255 and $210, and one paralegal, at an hourly rate of $148. These hourly rates are lower than the typical rates of these individuals, as these rates reflect "discounts . . . negotiated for this matter." TST disputes the reasonableness of both the claimed hourly rates and the number of hours expended by Belle Plaine's counsel. The Court addresses each argument in turn.

### 1.    Hourly Rates

Belle Plaine seeks attorneys' fees for the work of two attorneys, Monte A. Mills and Katherine M. Swenson, and one paralegal, Kathleen A. Dolphin. Mills claims a normal hourly rate of $610, discounted to $255 for this matter. Swenson claims a normal hourly rate of $495, discounted to $210 for this matter. And Dolphin claims a normal hourly rate of $330, discounted to $148 for this matter.

A district court may rely on its experience and knowledge of prevailing market rates to determine whether the claimed hourly rate is reasonable. *Hanig v. Lee*, 415 F.3d

822, 825 (8th Cir. 2005).  A reasonable fee is "one that is adequate to attract competent counsel, but . . . [that does] not produce windfalls to attorneys."  *McDonald*, 860 F.2d at 1458 (quoting *Blum*, 465 U.S. at 897).  The "skill, experience, and reputation of counsel are key factors bearing on a rate's reasonableness."  *Id.* at 1459.  Here, although TST asserts that Dolphin's paralegal rate is unreasonable, TST fails to explain what is unreasonable about her rate.  Indeed, *all* of the rates claimed in Belle Plaine's filing, which have been discounted by more than 50 percent, are far below prevailing market rates in this District.

Accordingly, based on the Court's experience and knowledge of both prevailing market rates and the reputation of Belle Plaine's counsel, the Court concludes that the claimed hourly billing rates "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11.  As TST has not persuasively demonstrated otherwise, Belle Plaine's claimed hourly billing rates are reasonable.

### 2.    Number of Hours Expended

Belle Plaine seeks attorneys' fees for 157.4 hours of work performed in connection with this case.  TST contends that the number of hours expended by Belle Plaine's counsel is unreasonable because it includes duplicative and excessive work and because the billing records lack sufficient detail.

When conducting a lodestar analysis, a district court should exclude "hours that were not reasonably expended."  *Hensley*, 461 U.S. at 434 (internal quotation marks

omitted).   As such, counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.*  In addition, because incomplete or imprecise billing records may prevent a district court from meaningfully reviewing a request for excessive, redundant, or otherwise unnecessary hours, "[i]nadequate documentation may warrant a reduced fee." *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991).

Here, Belle Plaine relies on nine pages of billing records submitted by its counsel. These records reflect that the work performed by counsel in *Satanic Temple II* included reviewing the relevant filings in both *Satanic Temple I* and *Satanic Temple II*; researching, drafting and editing Belle Plaine's motion to dismiss and motion for Rule 11 sanctions in *Satanic Temple II*; and numerous entries that involved Belle Plaine's attorneys and paralegal "strategi[zing]" or reviewing and supervising each other's work.

When awarding attorneys' fees, "district courts must be mindful of both redundant and excessive hours."  *Orduno v. Pietrzak*, 932 F.3d 710, 720 (8th Cir. 2019) (internal quotation marks omitted).   Significantly, much of Belle Plaine's briefing in *Satanic Temple II* appears to be duplicative of briefing that previously was filed in *Satanic Temple I*.   TST's misconduct in *Satanic Temple II* involved re-filing the same claims that had been dismissed and rejected as futile in *Satanic Temple I*.   Therefore, Belle Plaine previously researched and drafted multiple briefs challenging the legal and factual viability of TST's claims—first, when Belle Plaine moved to dismiss substantially similar claims in *Satanic Temple I*; a second time, when opposing TST's motion to amend its

complaint to reassert those claims in *Satanic Temple I*; and a third time, when opposing TST's appeal of the magistrate judge's denial of TST's motion to amend the complaint in *Satanic Temple I*.  In its motion for attorneys' fees, Belle Plaine—which has the burden to establish that the fees it seeks are reasonable—makes no effort to explain these apparent redundancies.  Thus, the Court must estimate what portion of the work performed in *Satanic Temple II* was effectively redundant of work performed in *Satanic Temple I*.

Belle Plaine's motion to dismiss in *Satanic Temple II* is supported by 52 pages of briefing.  Only approximately 10 pages of that briefing, however, are devoted to the issue of res judicata.  The remainder of Belle Plaine's briefing addresses the factual and procedural background of the litigation and the factual and legal deficiencies in TST's complaint, which are substantially similar to arguments previously asserted in *Satanic Temple I*.[3]  Similarly, the briefing in support of Belle Plaine's motion for Rule 11 sanctions in *Satanic Temple II* largely includes a recitation of the factual and procedural background of TST's two lawsuits and the same res judicata arguments asserted in Belle Plaine's motion to dismiss.  Only approximately seven pages of the 24-page brief in support of Belle Plaine's motion for sanctions specifically address the issue of Rule 11 sanctions.

---

[3]     Some additional effort undoubtedly was necessary in *Satanic Temple II* to compare the claims asserted in each case and address any differences.  But those differences were relatively minor, and Belle Plaine has neither described nor explained the additional effort.

Moreover, the two unique issues that directly resulted from TST's misconduct—namely, res judicata and the propriety of Rule 11 sanctions for this type of misconduct—are not particularly novel or difficult.  *See Orduno*, 932 F.3d at 720 (affirming 40-percent reduction in requested attorneys' fees amount because the "case was not factually complex" and "the legal issues involved [were] not particularly novel or difficult" (internal quotation marks omitted)).  As this Court previously observed, the record clearly and undisputedly established all but one of the elements of res judicata.  And Eighth Circuit precedent clearly established not only that the fourth element of res judicata applied in this case, but also that TST's conduct warranted sanctions.  *See Pro. Mgmt. Assocs.*, 345 F.3d at 1033; *Landscape Props.*, 127 F.3d at 683; *King*, 958 F.2d at 223.  Indeed, the Court dismissed *Satanic Temple II* and awarded sanctions precisely because TST's filing of *Satanic Temple II* plainly was improper.

Because much of the work that Belle Plaine's counsel expended in this case was duplicative of work expended in *Satanic Temple I*, and the issues unique to this case were not factually or legally complex, novel or difficult, the Court concludes that the 157.4 hours of work performed in connection with this case was unreasonably excessive. However, because Belle Plaine's arguments and attorney billing records are insufficiently detailed to precisely eliminate only redundant or otherwise excessive hours expended, a percentage-based reduction in the requested attorneys' fees amount is appropriate.  *See Miller v. Woodharbor Molding & Millworks, Inc.*, 174 F.3d 948, 949–50 (8th Cir. 1999);

*accord Orduno*, 932 F.3d at 720 (affirming percentage-based reduction in requested attorneys' fees because the requested amount was excessive).

Accordingly, a 50 percent reduction in the attorneys' fees sought by Belle Plaine is warranted. Consequently, the Court reduces Belle Plaine's requested attorneys' fees from $33,886.80 to a reasonable amount of $16,943.40.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Defendant City of Belle Plaine, MN's motion for attorneys' fees, (Dkt. 49), is **GRANTED IN PART AND DENIED IN PART** as addressed herein.

2. Defendant City of Belle Plaine, MN, is awarded reasonable attorneys' fees, pursuant to Federal Rule of Civil Procedure 11(c), in the amount of $16,943.40.

3. Plaintiff The Satanic Temple, Inc.'s counsel—namely, Matthew A. Kezhaya, Jason Scott Juron, Robert R. Hopper, and their respective law firms—are jointly and severally liable, pursuant to Federal Rule of Civil Procedure 11(c), for the sanctions imposed by this Order.

4. The sanctions imposed by this Order shall be paid to Greene Espel PLLP within 14 days after the date of this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: May 24, 2022                      s/Wilhelmina M. Wright
                                         Wilhelmina M. Wright
                                         United States District Judge