UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| The Satanic Temple, Inc., | Case No. 21-cv-0336 (WMW/JFD) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| City of Belle Plaine, MN, | |
| Defendant. | |

---

In a May 24, 2022 Order, this Court ordered Plaintiff's counsel to pay $16,943.40 in reasonable attorneys' fees to Defendant's counsel within 14 days as a sanction for violating Rule 11 of the Federal Rules of Civil Procedure. Plaintiff's counsel's now moves to stay execution of the attorneys' fees judgment pending appeal. (Dkt. 62.)

A district court may stay execution and enforcement of a judgment if a party "provid[es] a bond or other security." Fed. R. Civ. P. 62(b). "Rule 62 is silent as to the amount or other qualities of a supersedeas bond that will be necessary to obtain court approval." *Selective Ins. Co. of S.C. v. Sela*, No. 16-CV-4077 (PJS/BRT), 2020 WL 3638770, at *1 (D. Minn. July 6, 2020) (internal quotation marks omitted). However, the "general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interests, costs, and damages for delay." *Adzick v. Unum Life Ins. Co. of Am.*, No. 99-0808 (JRT/FLN), 2003 WL 21011345, at *1 (D. Minn. Apr. 16, 2003) (internal quotation marks omitted). A district court also has the authority to waive the bond requirement. *Id.* "The stay takes effect when the court approves the bond or other

security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b).

Here, Plaintiff's counsel proposes depositing a supersedeas bond in the full amount of the attorneys' fees award—namely, $16,943.40—in the Court Registry. Plaintiff's counsel expressly does not include interest, costs, or additional appellate attorneys' fees in the proposed bond amount because such amounts are either minimal or inapplicable in the present circumstances. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 407–08 (1990) (observing that an award of appellate attorneys' fees is not permissible under Federal Rule of Civil Procedure 11); *Zelaya/Cap. Int'l Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1303 (11th Cir. 2014) (observing that "post judgment statutory interest stops accruing once the disputed funds are deposited into the court's registry"). Because the supersedeas bond proposed by Plaintiff's counsel represents the full amount of the attorneys' fees awarded to Defendant, the Court approves the proposed bond. Pursuant to Rule 62(b), Fed. R. Civ. P., a stay of the attorneys' fees judgment is warranted subject to Plaintiffs' counsel's deposit of the approved bond amount in the Court Registry.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff's counsel's proposed supersedeas bond of $16,943.40 is **APPROVED**.

2. Plaintiff's counsel shall deliver to the Clerk of Court a supersedeas bond, in the form of a cashier's check or other means approved by the Clerk of Court, payable to the Clerk of Court in the amount of $16,943.40, where it will accrue interest while deposited.

3. The Clerk of Court shall deposit the supersedeas bond into the Registry of this Court and, as soon as practicable, shall deposit these funds into an interest-bearing account established within the Court Registry Investment System (CRIS).

4. Plaintiff's counsel's motion to stay execution of the attorneys' fees judgment pending appeal, (Dkt. 62), is **GRANTED**, conditioned on the deposit of the supersedeas bond as required herein.

5. The Court's May 25, 2022 Judgment, (Dkt. 59), is **STAYED** until further order of the Court.

Dated: June 3, 2022                                s/Wilhelmina M. Wright
                                                   Wilhelmina M. Wright
                                                   United States District Judge